## Affidavit of Special Agent Michael Boyle

I, Michael Boyle, being duly sworn, do depose and say:

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I have served in this capacity for over 13 years and am currently assigned to the Worcester High Intensity Drug Trafficking Area ("HIDTA") Task Force. My current duties and responsibilities with HIDTA include the investigation of violations of the Controlled Substances Act, Title 21 of the United States Code. I also work with members of the Worcester Police Department in investigating violations of the Controlled Substances Act. I have led or participated in over 200 investigations involving violations of the federal narcotics laws. I have received extensive specialized training in areas of narcotics investigations and enforcement. I have participated in various aspects of narcotics investigations, including undercover work, surveillance, execution of search warrants and wiretap orders.

2. This affidavit is submitted in support of an application for a criminal complaint against, and arrest warrant for, one FREDINE JEAN-BAPTISTE, charging her with conspiring to possess cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint against JEAN-BAPTISTE, I have not included each and

1

every fact known to me and to other law enforcement officers participating in this matter. Instead, I have included only those facts which I believe are necessary to establish the existence of probable cause to support the requested criminal complaint and arrest warrant.

3. As described below, there is probable cause to believe that JEAN-BAPTISTE knowingly and intentionally conspired with Tyrone William and others to possess more than fifty grams of a substance containing cocaine base, a Schedule II controlled substance, with intent to distribute, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and 841(b)(1)(A)(iii).

### FACTS AND CIRCUMSTANCES

4. On July 3, 2003 law enforcement officers, including members of the Worcester Police Department executed a warrant to search 61 Vernon Street, Apartment 1 in Worcester, Massachusetts. Present at the time of the search were the residents of that apartment: JEAN-BAPTISTE, Ulrick Jean-Baptiste, Steave L. Elveus, Immacula Manigat, Jeanne Manigat and two girls.

5. Law enforcement officers searched above a suspended ceiling in the bathroom and recovered two baggies containing cocaine base (Exhibit 16), a single baggie containing cocaine base (Exhibit 18), and a white dish, a razor blade and a knife containing cocaine base residue (Exhibit 17).

6. These items were submitted to the DEA lab for analysis. A forensic chemist determined that Exhibit 16 contained cocaine base with a net weight of 13.6 grams; that Exhibit 17 contained residue of cocaine base; and that Exhibit 18 contained cocaine base with a net weight of 6.3 grams.

7. On July 15, 2003, JEAN-BAPTISTE went to the offices of the U.S. Drug Enforcement Administration ("DEA") in Worcester. There, JEAN-BAPTISTE provided a written statement. In relevant part, she stated that she had appeared at DEA's offices voluntarily and had been given Miranda warnings.

8. JEAN-BAPTISTE then recounted her drug trafficking activities. In relevant part, she reported that in March 2003 she began selling crack cocaine that was supplied to her by Tyrone "Shine" William. She said that William typically brought 6 or 7 seven-gram pieces of crack cocaine for JEAN-BAPTISTE to sell; that she paid William $250 for each seven-gram piece and then sold the crack cocaine at a profit; all told, that she paid William approximately six to seven thousand dollars.

9. JEAN-BAPTISTE also told law enforcement officers that William came to her apartment a few days after the search warrant was executed, looking for money JEAN-BAPTISTE owed William for crack cocaine. JEAN-BAPTISTE said that she showed William the copy of the search warrant that had been left there, as an explanation for why she was unable to sell the crack cocaine and

3

produce proceeds. William took the copy, read it and left.

10. JEAN-BAPTISTE provided law enforcement with the search warrant William held. A fingerprint expert recovered latent prints of value from the document; one of the latent prints matched the fingerprint of Tyrone William.

## CONCLUSION

11. Based on the foregoing, there is probable cause to believe that FREDINE JEAN-BAPTISTE knowingly and intentionally conspired with Tyrone William and others to possess more than fifty grams of a substance containing cocaine base, a Schedule II controlled substance, with intent to distribute, in violation of Title 21, United States Code, Sections 846, 841(a) and 841(b)(1)(A)(iii).

12. WHEREFORE, your deponent respectfully requests that a Criminal Complaint and Warrant for Arrest issue so that FREDINE JEAN-BAPTISTE may be arrested and dealt with according to law.

_Michael P Boyle_
MICHAEL BOYLE
Special Agent
U.S. Drug Enforcement Admin.

Sworn to me and subscribed in my presence this 27th day of April, 2005.

_[signature]_
CHARLES B. SWARTWOOD, III
United States Magistrate Judge

4